H. C. McEVONY ET AL. V. McCANN & BIGLIN.

[FILED MARCH 24, 1891.]

</div>

Insolvency: CONFESSION OF JUDGMENT: SALE: VALIDITY. The firm of C. & B., being indebted to various parties, confessed judgments in favor of certain creditors, and executions were thereupon levied upon their stock of goods. Before the sale under the executions the judgment debtors, with the consent of the execution creditors, sold the goods for their full value to M. & B., who paid said judgments and other debts. *Held*, In the absence of any proof impeaching the judgments or the good faith of M. & B. in making the purchase, that the sale would not be declared fraudulent and void as to other creditors.

ERROR to the district court for Holt county. Tried below before NORRIS, J.

*H. M. Uttley,* for plaintiff in error Hershiser.

*Thomas O'Day, contra.*

MAXWELL, J.

In December, 1886, the firm of Cook & Biglin were en- gaged in the mercantile business at O'Neill, and being in- debted to various persons, on the 16th day of December, 1886, confessed judgments in favor of various creditors in the aggregate for $1,416. Executions were thereupon is- sued upon said judgments and levied upon the stock of goods in controversy. The goods remained in the posses- sion of the constable until about the 21st of December, 1886, when the defendants in error claimed to have pur- chased the goods and received bills of sale from the judg- ment debtors and judgment creditors. On the following day, other creditors procured attachments against Cook & Biglin, and caused the same to be levied upon the stock of goods in question. Afterwards, on the same day, the de- fendants in error brought an action of replevin and re- claimed the goods.

On the trial of the cause, the court found in favor of the defendants in error, and rendered judgment for one cent damages.

The testimony shows that the person named Biglin, who was a member of the firm of McCann & Biglin, is a brother of a person of the same name who was a member of the firm of Cook & Biglin. The testimony tends to show that McCann & Biglin purchased the goods in controversy for their full value and paid the purchase money to creditors of the firm of Cook & Biglin. So far as appears, the de- sign on their part was not to defraud creditors of Cook & Biglin.

It is unnecessary to review the testimony at length. The defendants in error appear to have acted in good faith and will be protected.

There is no error in the record, and the judgment is

AFFIRMED.

THE other judges concur.